## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON CARRIAGE, INC., d/b/a<br>LOGAN CAR SERVICE,<br><br>                    Plaintiff,<br><br>v.<br><br>BOSTON SUBURBAN COACH, INC.,<br>SVITLANA KRAYNITSKAYA,<br>YULIA BREZHNEVA,<br>DMITRY KRAYNITSKY, and<br>VITALIY POPOVICH,<br><br>                    Defendants | Civil Action No. 1:21-cv-10688 |

## <u>COMPLAINT</u>

### INTRODUCTION

1.      Plaintiff Boston Carriage, Inc., d/b/a Logan Car Service, brings this civil action against corporate defendant Boston Suburban Coach, Inc. ("Boston Suburban") and four individual defendants Svitlana Kraynitskaya, Yulia Brezhneva, Dmitry Kraynitsky, and Vitaliy Popovich (collectively, "Individual Defendants"), alleging copyright infringement, trademark infringement under federal and state law, violation of Anticybersquatting Consumer Protection Act ("ACPA"), violation of Racketeer Influenced and Corrupt Organizations Act ("RICO"), unfair competition and unfair business practices under federal and state law, and several related common law claims, including interference with advantageous business relations, conversion, unjust enrichment, and civil conspiracy.  Plaintiff seeks declaratory and injunctive relief, actual damages in an amount to be determined at trial, but in no event less than $150,000, statutory and multiple damages, and recovery of its attorney's fees and costs of action.

## PARTIES

2.      Plaintiff Boston Carriage, Inc. is a Massachusetts business corporation with the principal place of business at 91 Providence Highway, No. 4, Westwood, MA 02090.

3.      Defendant Boston Suburban Coach, Inc. is a Massachusetts business corporation with the registered place of business at 383 America Boulevard, Ashland, MA 01721.

4.      Defendant Svitlana Kraynitskaya is an adult individual, who resides, on information and belief, in Ashland, Massachusetts, and is the President of Boston Suburban.

5.      Defendant Yulia Brezhneva is an adult individual, who resides, on information and belief, in Ashland, Massachusetts, and is an officer of Boston Suburban.

6.      Defendant Dmitry Kraynitsky is an adult individual, who resides, on information and belief, in Ashland, Massachusetts.

7.      Defendant Vitaliy Popovich is an adult individual, who resides, on information and belief, in Ashland, Massachusetts.

## JURISDICTION AND VENUE

8.      This action arises under the U.S. Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, the Lanham Act, 15 U.S.C. § 1125(a), the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*

9.      The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 (actions arising under the laws of the United States) and 1338 (actions arising under any Act of Congress relating to copyrights, trademarks, and asserting related claims of unfair competition), 15 U.S.C. § 1121(a) (federal trademarks), and 18 U.S.C. § 1964(c) (civil RICO).  Supplemental jurisdiction over state law claims arises under 28 U.S.C. § 1367(a).

10.     The Court has personal jurisdiction over corporate defendant Boston Suburban because it is a Massachusetts business corporation with a registered place of business in Ashland, Massachusetts.

11.     The Court has personal jurisdiction over all Individual Defendants because each Individual Defendant is a resident of Massachusetts.

12.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(a), and 18 U.S.C. § 1965(a) (civil RICO).

**FACTS**

**Plaintiff's Website, Copyrights, and Service Mark**

13.     Plaintiff is a Massachusetts corporation engaged in limousine service business, which is carrying or transportation of passengers for hire, other than taxi service.

14.     Prior to its incorporation in or about January 2016, the company was organized as a business partnership, Boston Carriage Co.

15.     Boston Carriage, Inc. is the legal successor in interest to Boston Carriage Co.'s business and all of its legal rights pertinent to this action (hereinafter collectively referred to as "Boston Carriage").

16.     Since 2000s Boston Carriage has been operating its business under a trade name Logan Car Service.

17.     In 2003, Boston Carriage registered a domain name "logancarservice.com."

18.     Over the following years, Boston Carriage developed a website at said domain, which it has been actively using in the operation and promotion of its business.

19.     The written content appearing on Boston Carriage's website is original as a whole and copyrightable as "literary works" under the laws of the United States.

20.    The original written content appearing on Boston Carriage's website today was created by no later than 2016.

21.    Boston Carriage is, and at all relevant times was, the sole owner of all right, title, and interest in, and the sole owner of all copyrights to, all original written content that has appeared on its website since 2016.

22.    Also since at least 2016, and continuing without interruption, Boston Carriage has placed copyright notice on the home page of its website, so as to inform the public that it claims ownership of copyrights to its website and its original content.

23.    On April 23, 2021, Boston Carriage submitted a complete copyright registration application, including the required application fee and the mandatory deposit copies, satisfying all of the statutory requirements to obtain a registration certificate, for all original written content that appears on its website (and has appeared since 2016) with the United States Copyright Office (see attached Exhibit 1).

24.    Since at least as early as 2005, and continuing without interruption, Boston Carriage has publicly and actively used its trade name "Logan Car Service," including on its website, as a service mark to identify transportation services that it provides to customers.

25.    Since at least as early as 2005, and continuing to the present without interruption, Boston Carriage has extensively advertised its services in connection with "Logan Car Service" service mark, investing considerable time, money, and effort in building up goodwill associated therewith.

26.    Boston Carriage provides its services primarily in the Greater Boston area, but also regularly transports passengers across state lines to and from Rhode Island, New Hampshire, and other states, thereby engaging in interstate trade or commerce.

27.     Through years of extensive advertising campaigns, targeted efforts to build brand name recognition, and growing sales, Boston Carriage has developed substantial recognition and goodwill in its "Logan Car Service" service mark, which has become a distinctive mark, widely recognized in the geographical area where Boston Carriage regularly provides its transportation services to the public.

28.     On May 7, 2018, plaintiff registered variations of its "Logan Car Service" mark under Massachusetts Statute for Registration and Protection of Trademarks, M.G.L. c. 110H (see attached Exhibit 2).

29.     On April 23, 2021, Boston Carriage submitted a trademark registration application for its "Logan Car Service" service mark with the United States Patent and Trademark Office (see attached Exhibit 3).

## Defendants' Imitation Website, January – April 2018

30.     During the first four months of 2018, starting in January and continuing through April 2018, Boston Carriage experienced a sudden and unexplainable drop in its sales volumes, uncharacteristic for its business, including with account for seasonal fluctuations.

31.     The sudden drop in its sales volumes during the first four months of 2018 became a serious problem for Boston Carriage, as it resulted in substantial losses to the business during said four months.

32.     In an effort to address the continuing drop in sales, Boston Carriage substantially increased its advertising expenditures during March and April 2018.  The increased advertising spending, however, did not lead to expected growth in sales volumes.

33.     In order to finance increased advertising expenditures, Boston Carriage took out a business loan, which was repaid in monthly installments with interest.

34.   On April 26, 2018, a returning client informed Boston Carriage that, while looking for plaintiff's website on Google, using "Logan Car Service" as her search term, she came across a website also called "Logan Car Service" that looked similar to plaintiff's website, but she felt there was something wrong with it, so she decided to call in her reservation, instead of making an online reservation on that site.

35.   The website discovered by plaintiff's client was found at "logan-car-service.com" domain (hereinafter, "imitation website").

36.   The domain name "logan-car-service.com" was registered on December 18, 2017, by the corporate defendant Boston Suburban, using the corporate defendant's registered place of business in Massachusetts, contact phone number, and email address, with individual defendant Vitaliy Popovich being listed as Boston Suburban's registrant contact, administrative contact, and technical contact.

37.   Boston Suburban is a private Massachusetts company, which is also engaged in limousine business and is a direct competitor of Boston Carriage in the geographical area where the plaintiff operates.

38.   Boston Suburban's geographical service area includes the Greater Boston area and also extends to Rhode Island, New Hampshire, and other states, whereby Boston Suburban also engages in interstate commerce.

39.   Boston Suburban was incorporated in or about 2011, with individual defendants Svitlana Kraynitskaya and Yulia Brezhneva appearing as officers and directors of the corporation. Kraynitskaya is, and was at all times relevant to this action, the President, Secretary, and one of two directors of Boston Suburban, whereas Brezhneva is, and was at all times relevant to this action, the Treasurer and the other director of Boston Suburban.

40.     While formally Kraynitskaya and Brezhneva are the sole officers and directors of the corporate defendant, on information and belief, Boston Suburban is actually controlled by defendants Dmitry Kraynitsky and Vitaliy Popovich, who exercised operational and management control over the corporate defendant at all times relevant to this action.

41.     Prior to the incorporation of Boston Suburban, Inc. in 2011, Dmitry Kraynitsky and Vitaliy Popovich together owned and operated two other transportation companies in the Greater Boston Area, AAA Express, Inc. and Allstate Transportation Solution, Inc., both of which were dissolved in 2011.

42.     Individual defendants, including both officers and directors of Boston Suburban, Kraynitskaya and Brezhneva, together with Kraynitsky and Popovich, exercised pervasive control over Boston Suburban, Inc., and used the corporate defendant to promote fraud upon the public and plaintiff, as described in this Complaint.

43.     Upon discovering the existence of the imitation website ("logan-car-service.com"), plaintiff examined it and found that limousine and other transportation services were offered to the public on that website that were similar and competitive to the limousine and transportation services offered by Boston Carriage on its site ("logancarservice.com").

44.     The imitation website was designed to mimic the overall look and feel of Boston Carriage's site, using similar color scheme, similar page layout and website architecture, similar font types, and similarly styled artwork and photographs.

45.     The following copyright notice was included on each page of the imitation website: "Copyright © Logan-car-service.com."

46.     Plaintiff discovered, however, that substantial amount of original written content from plaintiff's website was copied and reproduced word-for-word on the imitation website.

47.     Furthermore, multiple customer reviews by actual clients of Boston Carriage that appeared on plaintiff's website were also copied and reproduced on the imitation website under fake client names.

48.     The copying of original written content and client reviews from Boston Carriage's website and their reproduction on the imitation website was unauthorized.

49.     The unauthorized copying from Boston Carriage's website was so extensive that it rendered the imitation website and the original website substantially similar in the eyes of an ordinary observer.

50.     The imitation website contained no references to Boston Suburban or any of the individual defendants; instead, the provider of limousine services was referred to by various names involving some variation of plaintiff's service mark, "Logan Car Service."

51.     Boston Carriage's service mark, "Logan Car Service," was displayed prominently at the top of each page of the imitation website and used throughout the site to advertise limousine and transportation services offered on that website.

52.     The use of the plaintiff's "Logan Car Service" mark on the imitation website and in its domain name was unauthorized.

53.     The unauthorized use of the "Logan Car Service" mark on the imitation website was likely to confuse the public, and in fact confused plaintiff's customers.

54.     The defendants' advertisement of their services on the imitation website was both literally and implicitly false.

55.     The imitation website contained a dedicated page for online reservations, making it possible for the public to reserve and purchase limousine and other transportation services on the imitation website.

56.   The contact information listed on the imitation website was not plaintiff's contact information: the business address provided on the site was not plaintiff's address, but apparently the address of a location of several car rental offices at Logan International Airport, and the phone number and email address provided on the imitation site for making reservations offline were not plaintiff's number or email.

57.   The defendants registered a domain name nearly identical and confusingly similar to the plaintiff's previously registered domain name and to its distinctive service mark, created a "copycat" website, copied without authorization original written content and customer reviews from plaintiff's website, used without authorization plaintiff's service mark to falsely advertise limousine and transportation services similar to those sold by plaintiff, and provided technical means to purchase such services from the defendants both on their website and offline.

58.   The defendants' actions described in the preceding paragraphs were willful and intentional.

59.   The defendants acted with bad faith intent to deceive the public as to the source of limousine and other transportation services offered on the imitation website.

60.   The defendants acted with the purpose to profit from their actions by diverting the plaintiff's customers and sales to themselves.

61.   In the first four months of 2018, from January through April 2018, the defendants in fact wrongfully diverted a substantial volume of plaintiff's customers and sales to themselves, thereby causing economic and reputational harm to plaintiff.

**Defendants' Continued Wrongful Actions**

62.   Upon discovering these facts, Boston Carriage sent a cease-and-desist letter to the defendants on or about April 30, 2018, demanding that they immediately cease and desist using

the imitation website in the conduct of any business or selling of services, transfer the ownership thereof to plaintiff, and agree in writing that neither Boston Suburban nor any other person or entity acting on its behalf will directly or indirectly engage in any further unauthorized use of the plaintiff's intellectual property and trademarks (see attached Exhibit 4).

63.     On or about May 4, 2018, Boston Carriage received a formal response to its letter from Boston Suburban, admitting the corporate defendant's ownership of the imitation website and asserting that the imitation website was taken down and not operational as of May 1, 2018 (see attached Exhibit 5).

64.     Upon receiving that response, Boston Carriage checked the status of the imitation website and found that the site had in fact been removed from "logan-car-service.com" address, but visitors were automatically re-routed from that address to Boston Suburban's official website at "bostonsuburbancoach.com."

65.     The automatic re-routing of visitors from the infringing address to the corporate defendant's own website, after months of false advertising and wrongful misuse of the plaintiff's service mark and associated goodwill on the imitation site, was a wrongful diversion of plaintiff's customers and business to the defendants.

66.     Plaintiff also conducted an investigation for any other infringement or misuse of its copyrights and trademark rights on the Internet by the defendants.  Plaintiff found that the defendants had been infringing on plaintiff's rights outside their imitation website, and continued to do so after receiving plaintiff's cease-and-desist letter.

67.     Specifically, plaintiff discovered that the defendants had been and continued to advertise and promote their services in online social media, including Facebook and Instagram, using without authorization plaintiff's trademark "Logan Car Service."

68.     The defendants' advertisement of their services in social media was both literally and implicitly false, as the defendants referred to themselves by different names involving some variation of the phrase "Logan Car Service," wrongfully exploiting the plaintiff's trademark and its associated goodwill.

69.     In addition, plaintiff found out that the defendants had been and continued to use without authorization the plaintiff's distinctive service mark in online keywords advertising and metatags.

70.     Further, plaintiff discovered that the defendants had been and continued to copy without authorization actual customer reviews from plaintiff's website and publish them as fake reviews for Boston Suburban on online review platforms.

71.     After some time, defendants' infringement of plaintiff's rights appeared to cease. Plaintiff recently discovered, however, that defendants have resumed their wrongful actions and infringement of plaintiff's rights, including by resuming online promotion of their domain address "logan-car-service.com" and automatic re-routing of visitors to Boston Suburban's new website, "ibostoncarservice.com."

## COUNT I

**Copyright Infringement under Copyright Act of 1976,
17 U.S.C. § 101 *et seq.***

72.     Plaintiff repeats and reincorporates all allegations set out in the above paragraphs, as if fully set forth herein.

73.     Plaintiff Boston Carriage is, and has been at all relevant times, the sole owner of all right, title, and copyrights in all original written content that has appeared since 2016 on its website at "logancarservice.com."

74.     The original written content that appears, and has appeared since at least as early as 2016, on Boston Carriage's website is original as a whole and copyrightable as "literary works" under the laws of the United States.

75.     Boston Carriage never authorized the defendants to copy or reproduce any of the original written content from its website.

76.     Since at least 2016, Boston Carriage has placed copyright notice on its website to inform the public of its copyrights to the site's original content.

77.     Between December 2017 and April 2018, the defendants copied original written content from plaintiff's website and reproduced it on the imitation website they created.

78.     The unauthorized copying from Boston Carriage's website was so extensive that it rendered the imitation website and the original website substantially similar in the eyes of an ordinary observer.

79.     The defendants' unauthorized copying and reproduction of original content from Boston Carriage's website infringed upon plaintiff's copyrights.

80.     The defendants' infringing actions were knowing, willful, and committed for the purpose of private financial gain.

81.     Boston Carriage has suffered loss of business and substantial economic damages as a result of the defendants' wrongful actions.

82.     Boston Carriage has complied with statutory preconditions to filing a claim under the U.S. Copyright Act of 1976, set forth in 17 U.S.C. § 411(a).

83.     Boston Carriage is entitled to recover actual damages and the defendants' profits, in an amount to be determined at trial, or statutory damages, under 17 U.S.C. § 504, as well as legal fees and costs, under 17 U.S.C. § 505.

84.     Plaintiff is entitled to preliminary and permanent injunctive relief, enjoining the defendants from infringing upon plaintiff's copyrights and ordering the defendants to remove any and all original written content copied by them without authorization from plaintiff's website and republished elsewhere online.

## COUNT II

### Unfair Competition and False Advertising under the Lanham Act, 15 U.S.C. § 1125(a)

85.     Plaintiff repeats and reincorporates all allegations set out in the above paragraphs, as if fully set forth herein.

86.     Since about 2005, Boston Carriage has used in commerce "Logan Car Service" service mark to identify transportation services it provides to the public.

87.     Since about 2005, Boston Carriage has extensively advertised its services under "Logan Car Service" service mark, investing considerable time, money, and effort in building up the goodwill associated therewith, and has developed substantial recognition and goodwill in this service mark.

88.      "Logan Car Service" has become a distinctive service mark entitled to trademark protection under the Lanham Act.

89.     Boston Carriage never authorized the defendants to use its service mark.

90.     Since about December 2017, the defendants have used "Logan Car Service" mark on the imitation website that they created.

91.     In or about December 2017, the defendants registered a domain name, "logan-car-service.com," which was nearly identical and confusingly similar to the plaintiff's service mark (as well as to the plaintiff's previously registered domain, "logancarservice.com," where its own website has been hosted since about 2003).

92.     The defendants created an imitation website at their newly registered domain, where they prominently displayed plaintiff's distinctive service mark at the top of each page, using it to advertise their own similar and competitive transportation services.

93.     The imitation website contained no references to any of the defendants; instead, the provider of the offered limousine and transportation services was referred to by various names involving variations of "Logan Car Service."

94.     Since the defendants removed their imitation website from the offending domain, they have set up automatic re-routing of visitors from that domain to their new business website, thereby continuing to use plaintiff's service mark without authorization to wrongfully divert its clients and business to themselves.

95.     Since about December 2017, the defendants have also used, and continue using, "Logan Car Service" mark in online social media advertising.

96.     Since about December 2017, the defendants have also used, and continue using, "Logan Car Service" mark in online keywords advertising and metatags.

97.     The defendants' unauthorized use of plaintiff's distinctive service mark on their imitation website, in the offending domain name, social media advertising, and online keywords advertising and metatags, created a substantial likelihood of confusion for the public, and in fact confused and continues to confuse the public.

98.     The defendants' advertisement of their services on their imitation website, using the plaintiff's distinctive service mark, was placed in interstate commerce and was literally and/or implicitly false.  The defendants' advertisement of their services in online social media, using the plaintiff's distinctive service mark, was placed in interstate commerce and was/is literally and/or implicitly false.

99.     The defendants' aforesaid wrongful actions were knowing, willful, and committed with the bad faith intent to deceive the public.

100.     Boston Carriage has suffered, and continues to suffer, economic and reputational damages, as a result of the defendants' wrongful actions.

101.     Boston Carriage is entitled to recover money damages under 15 U.S.C. § 1125(a), in an amount to be determined at trial.

102.     Boston Carriage will be irreparably injured if the defendants are not enjoined from using Boston Carriage's distinctive service mark "Logan Car Service" in connection with similar and competitive services.

103.     Boston Carriage is entitled to preliminary and permanent injunctive relief, enjoining the defendants from using plaintiff's distinctive service mark "Logan Car Service" in connection with similar and competitive services.

## COUNT III

### Violation of Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)

104.     Plaintiff repeats and reincorporates all allegations set out in the above paragraphs, as if fully set forth herein.

105.     In or about December 2017, the defendants registered a domain name, "logan-car-service.com," which was nearly identical and confusingly similar to the plaintiff's service mark "Logan Car Service."  Plaintiff's service mark "Logan Car Service" was distinctive at the time of defendants' domain name registration.

106.     Since about December 2017, the defendants have used that domain name to host a website imitating plaintiff's website, which since 2003 has been hosted at a domain with a nearly identical name, "logancarservice.com."

15

107.    Since the defendants removed their imitation website from the infringing domain, they have set up automatic re-routing of visitors from that domain to their own business website, thereby continuing to use the infringing domain name to wrongfully divert plaintiff's clients and business to themselves.

108.    The defendants' registration and use of the domain name "logan-car-service.com" has been done with bad faith intent to profit from the plaintiff's service mark.

109.    Boston Carriage has suffered, and continues to suffer, substantial economic and reputational damages, as a result of the defendants' actions.

110.    Boston Carriage is entitled to recover money damages under 15 U.S.C. § 1125(d), in an amount to be determined at trial.

111.    Boston Carriage is, and was at all times relevant to this action, the owner of its distinctive service mark, and the defendants registered and used their infringing domain name in violation of ACPA.

112.    Boston Carriage is entitled to injunctive relief under 15 U.S.C. § 1125(d)(1)(C), ordering the transfer of "logan-car-service.com" domain name to Boston Carriage, or alternatively the forfeiture or cancellation of the infringing domain name.

## COUNT IV

**Violation of Racketeer Influenced and Corrupt Organizations Act ("RICO"),
18 U.S.C. § 1962(c)**

113.    Plaintiff repeats and reincorporates all allegations set out in the above paragraphs, as if fully set forth herein.

114.    Individual Defendants Svitlana Kraynitskaya, Yulia Brezhneva, Dmitry Kraynitsky and Vitaliy Popovich are, and were at all times relevant to this action, each a "person" within the meaning of RICO, 18 U.S.C. § 1961(3).

115.    Corporate defendant Boston Suburban Coach, Inc. is, and was at all times relevant to this action, an "enterprise" within the meaning of RICO, 18 U.S.C. § 1961(4).

116.    Since about 2011, Kraynitskaya and Brezhneva have been the only officers and directors of Boston Suburban and had the right and ability to control it.

117.    On information and belief, Kraynitsky and Popovich, at all times relevant to this action, exercised actual operational control and management of Boston Suburban.

118.    Since about December 2017, Individual Defendants have devised and executed a scheme or artifice to defraud the public, or for obtaining money by means of false or fraudulent pretenses, involving fraudulently marketing and selling their limousine transportation services to the public online under the guise of services provided by plaintiff.

119.    As part of this scheme and in furtherance of the fraud perpetrated on the public, the defendants have done the following wrongful actions: they registered a domain name nearly identical and confusingly similar to plaintiff's distinctive service mark "Logan Car Service" and its previously registered domain name where plaintiff has hosted a business website since 2003; created a "copycat" website, purposely imitating the overall look and feel of plaintiff's website; copied without authorization original written content from plaintiff's website and reproduced it on the imitation website; copied without authorization customer reviews from plaintiff's website and reproduced them on the imitation website and on online review platforms; knowingly placed a false copyright notice on the imitation website, with fraudulent intent; used without authorization the plaintiff's distinctive service mark "Logan Car Service" to falsely advertise their own services that were similar and competitive to those of plaintiff; provided the public with technical means to purchase defendants' services on the imitation site and offline; and sold their own services to the public under the guise of services provided by plaintiff.

120.    The defendants' actions described in the preceding paragraph were knowing and willful, with the purpose to divert plaintiff's clients and business to themselves.

121.    The defendants acted with bad faith intent to deceive the public as to the source of services offered on the imitation website, seeking to profit from the substantial goodwill and name recognition associated with plaintiff's distinctive service mark in the geographical area where the parties provide their similar and competing services.

122.    By deceiving the public as to the source of the services offered and sold on the imitation website, the defendants deprived the public of the intangible right of honest services within the meaning of 18 U.S.C. § 1346.

123.    In connection with their scheme or artifice to defraud the public, the defendants transmitted or caused to be transmitted communications by means of wire in interstate commerce for the purpose of executing said scheme or artifice.

124.    Specifically, such communications by means of wire, which were transmitted or caused to be transmitted by the defendants for the purpose of executing their scheme to defraud, included: all written content published by the defendants on the imitation website, including that which was copied and reproduced by the defendants without authorization from plaintiff's site; any and all statements made by the defendants in social media or in response to any online reviews, which created a false impression of being made by or on behalf of plaintiff, including but not limited to the defendants referring to themselves as "Logan Car Service" or any variation thereof; any actual client testimonials copied by the defendants without authorization from plaintiff's site and republished as fake customer reviews on the imitation website or on online review platforms; as well as any and all email and telephone communications with actual or potential customers who contacted the defendants through the online reservation system provided by the defendants on the

imitation website or using the contact email address or telephone numbers that were listed on the imitation website.

125.    The communications described in the above paragraph were transmitted or caused to be transmitted by the defendants in interstate commerce.

126.    The transmission of such communications, or the causing thereof to be transmitted, by the defendants in interstate commerce for the purpose of executing the defendants' scheme or artifice to defraud, as described in detail in the preceding paragraphs, constituted "fraud by wire" under 18 U.S.C. § 1343.

127.    The defendants' acts of transmitting such communications, or the causing thereof to be transmitted, in violation of 18 U.S.C. § 1343, constituted "racketeering activity" within the meaning of RICO, 18 U.S.C. § 1961(1).

128.    Since about December 2017, Individual Defendants have copied original written content from the plaintiff's website and reproduced it without authorization, thereby committing copyright infringement (Count I, above).

129.    The defendants' infringing actions were knowing, willful, and committed for the purpose of commercial advantage or private financial gain.

130.    The defendants' aforesaid acts constituted criminal copyright infringement under the U.S. Copyright Act, 17 U.S.C. § 506(a).

131.    The defendants' aforesaid acts of criminal copyright infringement are indictable under 18 U.S.C. § 2319, and constituted "racketeering activity" within the meaning of RICO, 18 U.S.C. § 1961(1).

132.    On information and belief, each Individual Defendant personally committed and/or aided and abetted in the commission of two or more acts of racketeering activity.

133.    The defendants' acts of racketeering activity described in the above paragraphs were related and amounted to or pose a threat of continued criminal activity, thereby constituting a "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1961(5).

134.    The defendants' acts of racketeering activity were sufficiently related by virtue of having the same participants, a common scheme to defraud the public, similar victims – members of the public deprived of the right of honest services, and a common result of wrongfully diverting customers from competitor business to the defendants.

135.    On information and belief, the defendants have since implemented a similar scheme to advertise and sell their services online under the trade name of a different competitor business from the Greater Boston area.

136.    The defendants' acts of racketeering activity amounted to and/or pose a threat of continued racketeering activity, as the defendants have used a similar scheme to advertise and sell their own limousine services online under the trade name of a different competitor business, and have continued their wrongful use of plaintiff's service mark for the purpose of promoting their services in spite of plaintiff's cease and desist demand.

137.    Boston Carriage has suffered, and continues to suffer, significant loss of business and substantial economic damages, as a result of the defendants' actions.

138.    Boston Carriage is entitled to recover threefold the amount of its actual damages, to be determined at trial, plus attorney's fees and costs, pursuant to 18 U.S.C. § 1964(c).

## COUNT V

**Trademark Infringement under Massachusetts Trademark Protection Statute,
M.G.L. c. 110H, § 12**

139.    Plaintiff repeats and reincorporates all allegations set out in the above paragraphs, as if fully set forth herein.

140.    Plaintiff is the owner of "Logan Car Service" service mark and variations thereof registered under M.G.L. c. 110H.

141.    Plaintiff never authorized the defendants to use its service mark.

142.    Since about December 2017, the defendants have used, without plaintiff's consent, a counterfeit or colorable imitation of plaintiff's service mark.

143.    Defendants have used a counterfeit or colorable imitation of plaintiff's service mark in connection with the sale, offering for sale, or advertising of their own similar and competitive services, in connection wherewith such use is likely to cause confusion or mistake and/or deceive as to the source of origin of such services.

144.    The defendants' use of a counterfeit or colorable imitation of plaintiff's registered service mark, in the manner described above, was knowing, willful, and with bad faith intent to confuse or deceive the public as to the source of origin of the services advertised or sold by the defendants for the purpose of wrongfully profiting from plaintiff's mark.

145.    Boston Carriage has suffered, and continues to suffer, significant loss of business and substantial economic damages, as a result of the defendants' actions.

146.    Boston Carriage is entitled to recover actual damages and the defendants' profits, in an amount to be determined at trial, multiple damages, and attorney's fees and costs, under M.G.L. c. 110H, § 14.

## COUNT VI

**Trademark Dilution under Massachusetts Trademark Protection Statute,
M.G.L. c. 110H, § 13**

147.    Plaintiff repeats and reincorporates all allegations set out in the above paragraphs, as if fully set forth herein.

148.    Since about 2005, Boston Carriage operates its limousine services business in the Greater Boston area under trade name "Logan Car Service."

149.    Since about 2005, and continuing without interruption, plaintiff has actively used its trade name "Logan Car Service" as a service mark to identify limousine services that it provides to clients.

150.    Since about 2005, Boston Carriage has extensively advertised its services under "Logan Car Service" service mark, investing considerable time, money, and effort in building up the goodwill associated therewith.

151.    After years of extensive advertising, efforts to build a name, and growing sales, Boston Carriage has developed substantial name recognition and goodwill in its trade name and service mark in its geographical service area.

152.    On May 7, 2018, Boston Carriage registered its "Logan Car Service" service mark under M.G.L. c. 110H.

153.    "Logan Car Service" has a distinctive quality as a trade name valid at common law and as a service mark registered under M.G.L. c. 110H.

154.    Since about December 2017, the defendants have used and continue using, without plaintiff's consent, plaintiff's distinctive trade name and service mark in a manner that creates a likelihood of dilution of their distinctive quality, including from actual and potential confusion, diminution in their uniqueness, and the defendants' use in a manner that appropriates or tarnishes their goodwill and reputation.

155.    Boston Carriage is entitled to preliminary and permanent injunctive relief under M.G.L. c. 110H, § 13, enjoining the defendants from any further use of plaintiff's trade name and service mark and any variation thereof.

## COUNT VII

### Unfair Competition,
### Massachusetts Common Law

156. Plaintiff repeats and reincorporates all allegations set out in the above paragraphs, as if fully set forth herein.

157. Since about 2005, Boston Carriage operates its limousine services business in the Greater Boston area under trade name "Logan Car Service."

158. Since about 2005, Boston Carriage has extensively advertised its services under "Logan Car Service" trade name, investing considerable time, money, and effort in building up the goodwill associated therewith.

159. "Logan Car Service" trade name has developed a secondary meaning in plaintiff's geographical service area and has acquired a reputation in the market.

160. Since about December 2017, the defendants adopted a trade name so resembling the plaintiff's that the public would reasonably be misled by it.

161. At all times relevant to this action, the defendants knew that plaintiff's trade name had a secondary meaning and a reputation in the market.

162. The defendants attempted to (and did so in fact) deceive the public into believing that it was purchasing services provided by plaintiff when in fact it was purchasing similar and competitive services provided by the defendants.

163. Boston Carriage has suffered, and continues to suffer, substantial economic and reputational damages, as a result of defendants' actions.

164. Boston Carriage is entitled to recover money damages from the defendants, in an amount to be determined at trial.

165.    Plaintiff is entitled to preliminary and permanent injunctive relief, enjoining the defendants from any further use of the plaintiff's trade name and any variation thereof.

## COUNT VIII

### Unfair Competition and Unfair and Deceptive Trade Practices, M.G.L. c. 93A, §§ 2 and 11

166.    Plaintiff repeats and reincorporates all allegations set out in the above paragraphs, as if fully set forth herein.

167.    At all times relevant to this action, plaintiff and the defendants were engaged in trade or commerce within the meaning of M.G.L. c. 93A.

168.    Since about December 2017, the defendants have devised and executed a scheme, which involved fraudulently marketing and selling their own services to the public online under the guise of services provided by plaintiff.

169.    As part of this scheme and in furtherance of the fraud, the defendants have done the following wrongful actions: they registered a domain name nearly identical and confusingly similar to plaintiff's trade name and service mark and plaintiff's previously registered domain name where it has hosted a business website since 2003; created a "copycat" website, imitating the overall look and feel of plaintiff's site; copied without authorization original written content from plaintiff's website and reproduced it on the imitation website; copied without authorization client reviews from plaintiff's website and reproduced them on the imitation website and on online platforms under fake names; knowingly placed a false copyright notice on the imitation website; used without authorization plaintiff's distinctive trade name and service mark to falsely advertise their own services online; and sold their own limousine services to the public under the guise of services provided by plaintiff.

24

170.   The defendants' actions described in the preceding paragraph were knowing and willful, aimed to deceive the public into believing that it was purchasing services provided by plaintiff when in fact it was purchasing competitive services provided by the defendants, thereby diverting plaintiff's customers and business to themselves.

171.   The defendants' wrongful actions described above (and in more detail elsewhere in this complaint) constituted unfair methods of competition or unfair or deceptive acts of practices in the conduct of trade or commerce, in violation of M.G.L. c. 93A, §§ 2 and 11.

172.   Boston Carriage has suffered, and continues to suffer, significant loss of business and substantial economic damages, as a result of defendants' actions.

173.   Boston Carriage is entitled to recover money damages from the defendants, in an amount to be determined at trial, multiple damages, as well as attorney's fees and costs, under M.G.L. c. 93A, §§ 2 and 11.

## COUNT IX

**Interference with Advantageous Business Relations,
Massachusetts Common Law**

174.   Plaintiff repeats and reincorporates all allegations set out in the above paragraphs, as if fully set forth herein.

175.   Since about 2005, Boston Carriage has operated a limousine services business in the Greater Boston area under trade name "Logan Car Service" and invested a lot of time, money, and effort in building up reputation and developing goodwill in the market.

176.   After many years of hard work and extensive efforts to build up reputation and recognition in the market, plaintiff has developed a strong reputation and substantial goodwill in its trademarked services in the relevant market.

177.    As a result, plaintiff today enjoys advantageous business relations with its clients, many of whom keep returning to plaintiff for additional services.

178.    Since about December 2017, the defendants have devised and executed a scheme to fraudulently market and sell their own competing services online under plaintiff's brand name, aimed to deceive the public into believing that it was purchasing services provided by plaintiff, thereby diverting plaintiff's clients and business to themselves.

179.    At all relevant times, the defendants knew that plaintiff had a strong reputation and substantial goodwill in the market and enjoyed advantageous business relations with clients as a result thereof.

180.    By devising and implementing their fraudulent scheme, defendants intentionally and willfully interfered with plaintiff's advantageous business relations with its clients.

181.    The defendants' wrongful actions were calculated to cause damage to the plaintiff in its lawful business.

182.    The defendants' wrongful actions were committed with unlawful purpose to cause such damage to plaintiff, without right or justifiable cause on the part of the defendants.

183.    Boston Carriage has suffered, and continues to suffer, substantial economic and reputational damages, as a result of defendants' wrongful actions.

184.    Boston Carriage is entitled to recover money damages from the defendants, in an amount to be determined at trial.

## COUNT X

### Conversion,
### Massachusetts Common Law

185.    Plaintiff repeats and reincorporates all allegations set out in the above paragraphs, as if fully set forth herein.

186.    Boston Carriage is, and was at all times relevant to this action, the sole owner of all rights, title, and interest in all original written content that appears on its website, hosted at "logancarservice.com" domain.

187.    Since about December 2017, the defendants have copied without authorization original written content from plaintiff's website and reproduced it on their imitation website and online review platforms.

188.    The defendants' actions were intentional and wrongful, amounting to an exercise of ownership, dominion, or control over plaintiff's property, in violation of plaintiff's ownership rights, title and interest thereto.

189.    The defendants' said wrongful actions constituted conversion under Massachusetts common law.

190.    Boston Carriage has suffered, and continues to suffer, substantial economic and reputational damages, as a result of defendants' wrongful actions.

191.    Boston Carriage is entitled to recover money damages from the defendants, in an amount to be determined at trial.

<u>**COUNT XI**</u>

**Civil Conspiracy,
Massachusetts Common Law**

192.    Plaintiff repeats and reincorporates all allegations set out in the above paragraphs, as if fully set forth herein.

193.    Since about December 2017, the defendants have devised and executed a common plan to fraudulently market and sell their limousine services to the public online under the guise of services provided by plaintiff, committing a variety of tortious and criminal acts under federal and state law, as set forth in detail in other counts of the complaint.

194.    The participants had knowledge of this plan and its purpose and took steps to encourage the achievement of the result.

195.    Boston Carriage has suffered, and continues to suffer, substantial economic and reputational damages, as a result of defendants' wrongful actions.

196.    Boston Carriage is entitled to recover money damages from the defendants, in an amount to be determined at trial.

## COUNT XII

### Unjust Enrichment,
### Massachusetts Common Law

197.    Plaintiff repeats and reincorporates all allegations set out in the above paragraphs, as if fully set forth herein.

198.    Since about December 2017, the defendants have devised and executed a scheme to fraudulently market and sell their own competing services online under plaintiff's brand name, aimed to deceive the public into believing that it was purchasing services provided by plaintiff, thereby diverting plaintiff's clients and business to themselves.

199.    As a result of the defendants' various actions done in furtherance of this scheme, the defendants have in fact wrongfully diverted plaintiff's clients and business to themselves, and have been enriched thereby.

200.    As a result of the defendants' wrongful diversion of plaintiff's clients and business, plaintiff has suffered, and continues to suffer, substantial economic and reputational damages, which constitutes a cognizable detriment.

201.    The defendants' enrichment has been unjust, having resulted from the defendants' wrongful and fraudulent actions.  The defendants' continued retention of this enrichment would be unjust under all the circumstances.

202.    Boston Carriage is entitled to restitution from the defendants, in an amount to be determined at trial.

**RELIEF REQUESTED**

Plaintiff Boston Carriage respectfully requests the following relief:

1.    Judgment for plaintiff against the defendants on all Counts of this Complaint;

2.    Declaratory relief, as appropriate, with respect to defendants' infringements of plaintiff's copyrights, trademark rights, and other legal rights;

3.    Compensatory and consequential damages against all defendants, jointly and severally, in an amount to be determined at trial, but not less than $150,000;

4.    Statutory damages against all defendants;

5.    Multiple damages against all defendants;

6.    Treble damages against all Individual Defendants on Count IV;

7.    Restitution or disgorgement of the defendants' wrongful profits on Counts I and V;

8.    Restitution against all defendants on Count XII;

9.    Preliminary and permanent injunctive relief, as follows:

    a.    Enjoining defendants from violating plaintiff's rights by copying and reproducing without authorization plaintiff's original written content and client reviews;

    b.    Enjoining defendants from using plaintiff's trade name and service mark "Logan Car Service" and any variations thereof on Counts II, VI, and VII; and

    c.    Ordering transfer of "logan-car-service.com" domain to plaintiff or in the alternative forfeiture or cancellation of that domain name, on Count III;

10.    Pre-judgment and post-judgment interest according to law, as applicable;

11.    Plaintiff's attorney's fees and costs of action;

12.    Any and all such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Boston Carriage demands a trial by jury on all issues so triable.


Respectfully submitted,

Plaintiff,

BOSTON CARRIAGE, INC., d/b/a
LOGAN CAR SERVICE,

By Its Attorney,


*/s/ Timur Zubaydullin*
TIMUR ZUBAYDULLIN, ESQ.
BBO# 656212
244 5th Avenue, Suite T281
New York, NY 10001
Tel:  (617) 803-8997
Fax: (877) 357-9295
Email:  TZLaw@yahoo.com

Dated: April 26, 2021

<u>EXHIBIT 1</u>

**Registration #:**  *-APPLICATION-*
**Service Request #:**  1-10395247633

## Mail Certificate

Boston Carriage, Inc.
Yekaterina Portnaya
91 Providence Highway, No. 4
Westwood, MA 02090 United States

**Priority:**  Routine          **Application Date:**  April 23, 2021

**Note to C.O.:** I am an attorney for claimant, Boston Carriage, Inc. The materials to be registered include all the original text on the claimant's website, LoganCarService.com (2016 version). All original text was created in 2016 and appeared on interconnected web pages that constitute claimant's website, all included in the deposit copy. All original text still exists on claimant's website. Excluded are artwork, photographs, computer code, and client reviews (testimonials). Please contact me with any questions about this submission. Thank you.

## Correspondent

**Organization Name:**  Timur Zubaydullin, Esq.
**Name:**  Timur Zubaydullin
**Email:**  tzlaw@yahoo.com
**Telephone:**  (617)803-8997
**Fax:**  (877)357-9295
**Address:**  244 5th Ave, Suite T281
New York, NY 10001 United States

Registration Number

# *-APPLICATION-*

## Title

**Title of Work:** LoganCarService.com (2016 version)

## Completion/Publication

**Year of Completion:** 2016

## Author

- **Author:** Boston Carriage, Inc.
  **Author Created:** text
  **Work made for hire:** Yes
  **Citizen of:** United States

## Copyright Claimant

**Copyright Claimant:** Boston Carriage, Inc.
91 Providence Highway, No. 4, Westwood, MA, 02090, United States

## Limitation of copyright claim

**Material excluded from this claim:** photograph(s), computer program, artwork, Testimonials (Client Reviews)

**New material included in claim:** text

## Rights and Permissions

**Organization Name:** Boston Carriage, Inc.
**Name:** Yekaterina Portnaya
**Email:** katya.portnaya@bostoncarriage net
**Telephone:** (617)828-5646x101
**Address:** 91 Providence Highway, No. 4
Westwood, MA 02090 United States

## Certification

**Name:**   Timur Zubaydullin
**Date**:   April 23, 2021

# EXHIBIT 2

MA SOC  Registration Number: 85856    Date: 05/07/2018
05/07/2018  16:17    9786577994          THOMAS P CRAIG CPA          PAGE  02/05



**TM SM**

Filing Fee $50.00 per class
5 year registration period

# The Commonwealth of Massachusetts

**William Francis Galvin**

Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512

## Trademark / Service Mark Application
### (General Laws Chapter 110H, Section 3)

All information must be completed or this document will not be accepted for filing.

(1) Applicant's name and business address:

a) Individual: _____

              *Last*             *First*            *Middle*

Business address: _____

              *Number*             *Street*

              *City*             *State*            *Zip*

**or**

b) Business Organization: _Boston Carriage, Inc._____

Business address:      91      Providence Hwy., No. 4_____

              *Number*             *Street*

         Westwood            MA           02090

              *City*             *State*            *Zip*

(2) If applicant is a business, identify type (check box), and if applicable, state and date of organization:

☑ corporation    ☐ limited liability company    ☐ limited partnership    ☐ partnership    ☐ sole proprietor

☐ other _____

              *(indicate entity type)*

a) State of incorporation or organization: _____MA_____    b) Date of incorporation or organization: _01/20/2016_

(3) If applicant is a partnership, state the names of the general partners:

(4) Applicant is seeking to register (check box):

   ☐ Trademark     ☑ Service Mark

(5) The mark is (complete one of the following):

   a) **Words only** - If the mark is only words, the words in the mark are (include type style if it is claimed as part of the mark):

   Logan-Car-Service

   b) **Design Only** - If the mark is a design only, describe the design (include colors if they are claimed as part of the mark):

   c) **Words and Design** - State the words in the mark (include color and type style if they are claimed as part of the mark) and describe the design:

(6) Describe briefly the goods or services used in connection with the mark:

   Transportation for hire by car, van, truck or limousine for travel, business or personal purposes

(7) For each class provide the number and class in which such goods or services fall (see attached classification schedule): *(An application may include multiple classes)*

   Class 39 - Transportation
   Class 45 - Personal Services

(8) Describe briefly how the mark is used in connection with such goods or services:

   a) The mark is used by displaying it (check box):

       ☑ on documents, wrappers, or articles delivered with the goods
       ☑ in advertisements of the services
       ☑ in connection with the services rendered
       ☑ other

   b) If other, describe briefly how the mark is used:

   Websites, e-mails and other electronic forms of communication

(9)  The trademark or service-mark has been used by the applicant, or the applicant's predecessor in business, since

_____January 20, 2005_____ and in the Commonwealth of Massachusetts since_____January 20, 2005_____ .

*(month, day, year)*                                                                    *(month, day, year)*

*(If first use of the mark anywhere was in Massachusetts, use the same date for both.).*


(10) a) Has the applicant or predecessor in interest filed an application for the same mark or portions of the same mark with the
U.S. Patent and Trademark Office?  ☐ Yes  ☑ No

b) If yes, for each application, provide (using additional pages if necessary):

Filing date _____ and serial number _____ .
*(month, day, year)*

c) What is the status of the application (check box)?   ☐ awaiting examination        ☐ refusal (office action) issued
☐ approved for publication     ☐ registered
☐ abandoned/withdrawn

d) If finally refused, or not resulted in a registration, give reason: _____

(11) Attach a sample showing the mark as actively used. The sample specimen may not be larger than 3" x 3".



The applicant is the owner of the mark. The mark is in use, and, to the knowledge of the person verifying the application, no other
person has registered, either federally or in this state, or has the right to use such mark either in the identical form thereof or in
such near resemblance thereto as to be likely, when applied to the goods or services of such other person, to cause confusion, or to
cause mistake, or to deceive.

I,     Yekaterina Portnaya, Treasurer of Boston Carriage, Inc.     , state that I am the applicant or a lawfully authorized
*(Name of Applicant / Authorized Representative)*

representative of the applicant and declare under penalty of perjury that the foregoing application is true and correct.

Executed on: _____April 27, 2018_____ _____
*(Month, Day, Year)*

Signature: _____

# COMMONWEALTH OF MASSACHUSETTS

William Francis Galvin
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512

## Trademark / Service Mark Application
### (General Laws Chapter 110H)

Registered with

WILLIAM FRANCIS GALVIN
*Secretary of the Commonwealth*
on:

May 07, 2018

Trademark Section
One Ashburton Place, Rm. 1717
Boston, MA 02108

**TM**
**SM**

Filing Fee $50.00 per class
5 year registration period

# The Commonwealth of Massachusetts
### William Francis Galvin
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512

FORM MUST BE TYPED

## Trademark / Service Mark Application
### (General Laws Chapter 110H, Section 3)

FORM MUST BE TYPED

All information must be completed or this document will not be accepted for filing.

(1) Applicant's name and business address:

a) Individual: _____
                      *Last*                 *First*           *Middle*

Business address: _____
                      *Number*               *Street*

_____
                      *City*               *State*           *Zip*

**or**

b) Business Organization: Boston Carriage, Inc.

Business address:         91        Providence Hwy., No. 4
                      *Number*               *Street*

               Westwood              MA          02090
                      *City*               *State*           *Zip*

(2) If applicant is a business, identify type (check box), and if applicable, state and date of organization:

☑ corporation  ☐ limited liability company  ☐ limited partnership  ☐ partnership  ☐ sole proprietor

☐ other _____
                                      *(indicate entity type)*

a) State of incorporation or organization: _____MA_____  b) Date of incorporation or organization: __01/20/2016__

(3) If applicant is a partnership, state the names of the general partners:

(4) Applicant is seeking to register (check box):

☐ Trademark        ☑ Service Mark

(5) The mark is (complete one of the following):

a) **Words only** - If the mark is only words, the words in the mark are (include type style if it is claimed as part of the mark):

LoganCarService

b) **Design Only** - If the mark is a design only, describe the design (include colors if they are claimed as part of the mark):

c) **Words and Design** - State the words in the mark (include color and type style if they are claimed as part of the mark) and describe the design:

(6) Describe briefly the goods or services used in connection with the mark:

Transportation for hire by car, van, truck or limousine for travel, business or personal purposes

(7) For each class provide the number and class in which such goods or services fall (see attached classification schedule):
*(An application may include multiple classes)*

Class 39 - Transportation
Class 45 - Personal Services

(8) Describe briefly how the mark is used in connection with such goods or services:

a) The mark is used by displaying it (check box):

☑ on documents, wrappers, or articles delivered with the goods
☑ in advertisements of the services
☑ in connection with the services rendered
☑ other

b) If other, describe briefly how the mark is used:

Websites, e-mails and other electronic forms of communication

(9)  The trademark or service-mark has been used by the applicant, or the applicant's predecessor in business, since

_____January 20, 2005_____ and in the Commonwealth of Massachusetts since_____January 20, 2005_____
      *(month, day, year)*                                                                                      *(month, day, year)*
*(If first use of the mark anywhere was in Massachusetts, use the same date for both.).*


(10) a) Has the applicant or predecessor in interest filed an application for the same mark or portions of the same mark with the
      U.S. Patent and Trademark Office?  ☐ Yes  ☑ No

   b) If yes, for each application, provide (using additional pages if necessary):

   Filing date _____ and serial number _____
                    *(month, day, year)*

   c) What is the status of the application (check box)?   ☐ awaiting examination        ☐ refusal (office action) issued
                                                            ☐ approved for publication    ☐ registered
                                                            ☐ abandoned/withdrawn

   d) If finally refused, or not resulted in a registration, give reason: _____

(11) Attach a sample showing the mark as actively used. The sample specimen may not be larger than 3" x 3".



The applicant is the owner of the mark. The mark is in use, and, to the knowledge of the person verifying the application, no other person has registered, either federally or in this state, or has the right to use such mark either in the identical form thereof or in such near resemblance thereto as to be likely, when applied to the goods or services of such other person, to cause confusion, or to cause mistake, or to deceive.

I, ___Yekaterina Portnaya, Treasurer of Boston Carriage, Inc.___, state that I am the applicant or a lawfully authorized
        *(Name of Applicant / Authorized Representative)*

representative of the applicant and declare under penalty of perjury that the foregoing application is true and correct.

Executed on: _____April 27, 2018_____
                              *(Month, Day, Year)*

Signature:_____

# COMMONWEALTH OF MASSACHUSETTS

William Francis Galvin
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512

## Trademark / Service Mark Application
### (General Laws Chapter 110H)

Registered with

WILLIAM FRANCIS GALVIN
*Secretary of the Commonwealth*
on:

May 07, 2018

Trademark Section
One Ashburton Place, Rm. 1717
Boston, MA 02108

# EXHIBIT 3

**Filing Receipt for Trademark/Service Mark Application for Registration
on the Principal Register
and Next Steps in the Application Process**

Thank you for submitting your trademark application to the U.S. Patent and Trademark Office (USPTO). This filing receipt confirms your mark and serial number, describes next steps in the application process, and includes the information submitted in your application. Please read this receipt carefully and keep a copy for your records.

For an overview of important things to know after filing your application, visit our website to read the After You File page and watch video number 9 "After You File."

**1. Your mark.** Logan Car Service (Standard Characters, mark.jpg)
The literal element of the mark consists of Logan Car Service. The mark consists of standard characters, without claim to any particular font style, size, or color.

**2. Your serial number.** Your application was assigned serial number '90667669'. You must refer to your serial number in all communications about your application.

**3. What happens next—legal examination.** Your mark will not be registered automatically. In approximately three months, your application will be assigned to a USPTO examining attorney for review. The attorney will determine if your application meets all applicable legal requirements, and if it doesn't you will be notified in an email with a link to the official Office action (official letter from the USPTO). Visit our website for an explanation of application process timelines.

If your mark includes a design element, we will assign it one or more design search codes. We will notify you of these codes within the next few weeks and you can suggest that we add or delete a design search code from your file.

**4. Keep your addresses current in USPTO records.** We do not extend filing deadlines if you do not receive USPTO mail or email. If your postal address or email address changes, you must update the correspondence or owner's address using the address forms on our website.

**5. Check your application status in our database every three to four months.** To be sure that you don't miss an important email from us, and to avoid the possible abandonment of your application, check your application status and review your documents in our database, Trademark Status and Document Retrieval (TSDR), every three to four months.

**6. Warning about private companies offering trademark-related services.** Private companies may send you communications that resemble official USPTO communications. These private companies are not associated with the USPTO. All official correspondence will be from the "United States Patent and Trademark Office" in Alexandria, Virginia, and from emails with the domain "uspto.gov." If you are unsure about whether the correspondence is from us, check your records in our database, TSDR. Visit our website for more information on trademark-related communications that may resemble official USPTO communications.

**7. Questions?** Please visit our website, email us, or call us at 1-800-786-9199 and select option 1.

PTO- 1478
Approved for use through 04/30/2021. OMB 0651-0009
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 90667669**
**Filing Date: 04/23/2021**

# To the Commissioner for Trademarks:

The applicant, Boston Carriage, Inc., DBA Logan Car Service, a corporation of Massachusetts, having an address of

> 91 Providence Highway, No. 4
> Westwood, Massachusetts 02090
> United States
> 617-828-5646 x101(phone)
> katya.portnaya@bostoncarriage.net

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

International Class 039:  Limousine services; Transportation of passengers and passengers' luggage

Use in Commerce: The applicant is using the mark in commerce on or in connection with the identified goods/services. The applicant attaches, or will later submit, one specimen as a JPG/PDF image file showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, regardless of whether the mark itself is in the standard character format or is a stylized or design mark. The specimen image file may be in color, and the image must be in color if color is being claimed as a feature of the mark.

In International Class 039, the mark was first used by the applicant or the applicant's related company or licensee predecessor in interest at least as early as 01/20/2005, and first used in commerce at least as early as 01/20/2005, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) Screenshot of the home page of the applicant's website (www.logancarservice.com).
Specimen-1 [SPE0-72225123251-20210423 142441672346_._Logan_Car_ Service__TM_.pdf ]

Webpage URL: https://www.logancarservice.com
Webpage Date of Access: 04/23/2021

For informational purposes only, applicant's website address is: http://www.LoganCarService.com

The owner's/holder's proposed attorney information: Timur Zubaydullin. Timur Zubaydullin of Timur Zubaydullin, Esq., is a member of the Massachusetts bar, admitted to the bar in 2003, bar membership no. 656212, is located at

244 5th Ave, Suite T281
New York, New York 10001
United States
617-803-8997(phone)
877-357-9295(fax)
tzlaw@yahoo.com

Timur Zubaydullin submitted the following statement: The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state, the District of Columbia, or any U.S. Commonwealth or territory.

The applicant's current Correspondence Information:

Timur Zubaydullin

PRIMARY EMAIL FOR CORRESPONDENCE: tzlaw@yahoo.com
SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES):
katya.portnaya@bostoncarriage.net

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the applicant owner/holder and the applicant owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).

A fee payment in the amount of $250 has been submitted with the application, representing payment for 1 class(es).

**Declaration**

☑ **Basis:**

**If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

**And/Or**

**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /Timur Zubaydullin/   Date: 04/23/2021
Signatory's Name: Timur Zubaydullin
Signatory's Position: Attorney of record
Signatory's Phone Number: 617-803-8997
Signature method: Signed directly within the form

---

Thank you,

The TEAS support team
Fri Apr 23 15:31:59 ET 2021
STAMP: USPTO/FTK-72.225.123.251-20210423153159605687-90667669-
7702d1a1fb682b138858ae1af18354318997c7bb375e1e2269482fa9d78f75ef2-CC-31580490-
20210423142441672346

# EXHIBIT 4

# *Timur Zubaydullin, Esq.*

244 Fifth Avenue, Suite T281, New York, NY 10001
(617) 803-8997 • (877) 357-9295 (fax) • TZLaw@yahoo.com

Timur Zubaydullin, Esq.
(Admitted in NY & MA)

April 30, 2018

## CEASE AND DESIST DEMAND

*By Certified Mail, Return Receipt Requested:*

Svitlana Kraynitskaya, President
Boston Suburban Coach, Inc.
383 America Blvd
Ashland, MA 01721

Yulia Brezhneva, Treasurer
Boston Suburban Coach, Inc.
10 Nuvelle Way, Apt. 824
Natick, MA 01760

Vitaliy Popovich
Boston Suburban Coach, Inc.
383 America Blvd
Ashland, MA 01721

**Re:** **Infringement of Boston Carriage, Inc.'s copyrights and trademark rights, and unfair trade practices**

Dear Ms. Kraynitskaya, Ms. Brezhneva, and Mr. Popovich,

Please be advised that I represent Boston Carriage, Inc. with respect to all matters raised in this letter. Please direct all future communications concerning these matters to my office. All email correspondence will be acknowledged when received.

My client is an established and highly reputable transportation company operating in the Greater Boston area, doing business as Logan Car Service, and is the copyright owner in website with the name of logancarservice.com and the owner of trademark rights in the phrase LOGAN CAR SERVICE.

We understand that you operate Boston Suburban Coach, Inc., a transportation company that is similar to my client and a direct competitor. It has come to my client's attention that you have recently created a website with the name of logan-car-service.com, which mimics the design and appearance of Boston Carriage, Inc.'s website and directly copies, word-for-word, some of the original copyrighted content from my client's website. For example, the descriptive content that

# *Timur Zubaydullin, Esq.*

appears on your website's front page under headings "About Us" and "Why Us" copies word-for-word original content that appears on my client's website's front page under headings "About Us" and "Why Choose Logan Car Service?" Moreover, some of the alleged client "testimonials" that appear on your website are in fact copied customer reviews from Boston Carriage, Inc.'s website, commending the services that have been provided to those customers by my client – not Boston Suburban Coach, Inc. Also, the very name of your website uses my client's trademarked phrase "Logan Car Service" and it also appears in bold and capitalized font on the front page of your website. I am enclosing with this letter information from Whois.com showing that the website logan-car-service.com was registered on December 18, 2017 by Boston Suburban Coach, along with a selection of screenshots from your website and my client's website, showing your use of my client's trademark and copying of my client's original copyrighted content.

Your use of the words "Logan Car Service" promotes services identical to those provided by my client, and your actions, individually and collectively, are intended to cause confusion, mistake and deception among customers. Your unlawful actions violate Boston Carriage, Inc.'s legal rights under the United States Copyright Law, the Lanham Act (trademark protection), and a number of other federal and state statutes and case law relating to copyright and trademark infringement, false representation, unfair competition, and unfair and deceptive trade practices. The remedies available to my client include injunction against further infringement, damages for loss of business, statutory and punitive damages, and costs and attorney's fees. This statement is not intended to be a complete assertion of rights and shall not be construed as a waiver of any legal or equitable rights or remedies, all of which are expressly reserved.

On behalf of my client, I demand that you immediately cease and desist using the website logan-car-service.com in the conduct of any business or selling any services, immediately transfer the ownership of said website to my client, Boston Carriage, Inc., and immediately agree in writing that neither Boston Suburban Coach, Inc., you or any other person or entity acting on behalf of or in connection with Boston Suburban Coach, Inc. will directly or indirectly engage in any further unauthorized use of my client's intellectual property and trademarks.

Please respond to this demand no later than May 4, 2018, including written assurances that your unlawful use of my client's copyrighted and trademarked materials shall cease and desist immediately. Please feel free to contact me if you have any questions concerning this demand.

Sincerely,

TIMUR ZUBAYDULLIN, ESQ.
244 Fifth Avenue, Suite T281
New York, NY 10001
(617) 803-8997 (tel.)
(877) 357-9295 (fax)
TZLaw@yahoo.com

# EXHIBIT 5

# LAW OFFICES OF LINA KLEBANER
922 Waltham Street, Suite 105
Lexington, MA 02421*
tel: (617) 723-9030 / fax: (617) 687-0428
email: lklebaner@gmail.com
www.klebanerlaw.com

*also admitted in New York

4 May 2018

Attorney Timur Zubaydullin                    BY EMAIL TZLaw@yahoo.com
244 Fifth Avenue, S-te T281
New York, NY 10001

Re:  Boston Suburban Coach, Inc.

Dear Attorney Zubaydullin,

Please note that this office represents Boston Suburban Coach, Inc. in its corporate and general legal matters.

I'm in receipt of your letter dated April 30, 2018.

I object to your statement that my client is allegedly infringing copyright and trademark rights of Boston Carriage, Inc.

As you're probably aware, neither the Commonwealth of Massachusetts Corporations Division nor the USPTO office have any filings and/or approvals of the phrase "LOGAN CAR SERVICE", either under your client's name or otherwise.  It simply does not exist.  Accordingly, your allegations regarding your client's rights under the "trademark protection" and that your client has a "trademarked phrase [of] "Logan Car Services"" are unsupported by factual data.

Nevertheless, as of May 1st, 2018, my client's website has been taken down and is currently not-operational.

I trust that this correspondence answers your inquiries and concludes this matter to mutual satisfaction of our clients.

Very truly yours,

Lina Klebaner